UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND SPEIGHT, | CASE NO. C15-0605JLR |
| Petitioner, | ORDER |
| v. | |
| BERNARD WARNER, | |
| Respondent. | |

Before the court is the order of the United States Circuit Court of Appeals for the Ninth Circuit reversing this court's order granting Petitioner Roland Speight's habeas petition. (*See* USCA Order (Dkt. # 30); *see also* 2/1/16 Order (Dkt. # 18).)

Mr. Speight claimed that he received ineffective assistance of counsel on direct appeal, but because this claim was not raised in his personal restraint petition, Mr. Speight procedurally defaulted by failing to exhaust his state remedies. (*See* 2/1/16 Order at 3-4); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The court agreed with Mr. Speight that, under then-controlling precedent, the ineffective assistance of Mr. Speight's

state post-conviction counsel constituted cause for the procedural default. (*See* 2/1/16 Order at 3-4.) The court granted Mr. Speight's habeas petition and stayed the writ pending the State's appeal to the Ninth Circuit. (*See generally* 2/1/16 Order; *see also* 4/12/16 Order (Dkt. # 26) (staying the writ of habeas corpus pending the State's appeal).)

While the matter was on appeal, the Supreme Court held in *Davila v. Davis* that ineffective assistance of state post-conviction counsel cannot constitute cause to excuse procedural default. --- U.S. ---, 137 S. Ct. 2058, 2062 (2017). Accordingly, the Ninth Circuit reversed the grant of Mr. Speight's habeas petition. (USCA Order at 2-3.)

Having received the mandate from the Ninth Circuit (USCA Mandate (Dkt. # 31)), the court DIRECTS the parties to file, either jointly or separately, a statement on the status of this petition in light of *Davila v. Davis* and the next steps, if any, that ought to be taken. The parties shall do so within ten (10) days of the entry of this order.

Dated this 5th day of January, 2018.

JAMES L. ROBART
United States District Judge

ORDER - 2